IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA RUFFIN on behalf of herself and others similarly situated,<br>    Plaintiff,<br><br>    v.<br><br>ASSET ACCEPTANCE, LLC,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:10-cv-2626<br><br><br><br>JURY DEMANDED |

## COMPLAINT

## CLASS ACTION

1. Plaintiff Rebecca Ruffin brings this action to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over the TCPA claims. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

3. Venue is proper because a substantial portion of the events complained of occurred in this District.

## PARTIES

4. Plaintiff is an individual who resides in this District.

5. Asset Acceptance, LLC ("Asset") is a debt collection agency. Its registered agent in Illinois is CT Corporation Service, 208 S. LaSalle St. Suite 814, Chicago, Illinois 60604.

1

**FACTS**

6. Asset called plaintiff on her cell phones numerous times within the past four years. Plaintiff has had various cell phone numbers over this time period.

7. Upon information and belief defendant used an automatic telephone dialing system and/or prerecorded or artificial voice message in making some or all of these calls.

8. Plaintiff did not consent to receive the illegal calls. Upon information and belief, Asset obtained plaintiff's cell phone number(s) through sources other than from plaintiff, and other than from any alleged creditor.

## Count I - TCPA - Strict Liability

9. Plaintiff incorporates all previous paragraphs. This Count is brought by plaintiff individually and on behalf of a class.

10. Asset violated the TCPA by calling plaintiff and others on their cell phones using an automatic telephone dialing system and/or prerecorded or automatic voice messages.

### Class Allegations

11. Plaintiff brings Counts I, II and III on behalf of the same class, which consists of:

> All natural persons that defendant's records indicate their current address as being in Chicago, Illinois, who defendant or some person on behalf of defendant, called using an artificial telephone dialing system and/or prerecorded or artificial voice message, who did not provide prior express consent to receive such call(s), to whom any call was made at any time on or after the date of the first such call to plaintiff, and, and on or before a date one month after that date.

Plaintiff expects that there are multiple calls to each class member. This class definition is therefore individual-based, not call-based -- plaintiff seeks recovery for all violations (within the

applicable statute of limitations) for each of the discrete persons who fall within the class definition.

12. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

    a. Whether defendant used an automatic telephone dialing system and/or an artificial or pre-recorded voice within the meaning of the TCPA with respect to telephone calls to class members' cellular phones;

    b. Damages.

13. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

14. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

15. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

16. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

17. The identity of the class is likely readily identifiable from defendant's records and other readily available sources, such as skip trace companies.

18. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and the class and against defendant for:

(a) Statutory damages of $500 per violation;

(b) Any other relief the court deems proper.

## COUNT II – TCPA – Willful

19. Plaintiff incorporates all previous paragraphs of this complaint. This Count is brought by plaintiff individually and on behalf of a class.

20. The violations of the Telephone Consumer Protection Act, 47 U.S.C. 227, identified above when used in connection with collection of a consumer debt were willful.

21. Plaintiff brings this Count on behalf of the same class and subclass as is identified in Count I. The difference is that this Count alleges that the violations were "willful" within the meaning of the TCPA, and thus justify enhanced damages of three times the statutory amount of $500, for $1,500 per violation.

  (a)  Up to $1,500 per violation;

  (b)  Costs of suit; and

  (c)  Any other relief the Court finds appropriate.

## Count III – TCPA – Injunctive Relief

  22.  Plaintiff incorporates all previous paragraphs of this complaint. This Count is brought by plaintiff individually and on behalf of a class.

  23.  The TCPA prohibits the use of an automatic dialing system and/or prerecorded or artificial voice messages to make phone calls to cell phones.

  24.  The TCPA 47 U.S.C. §227(b)(3), provides a private right of action for injunctive relief.

  25.  Defendant has had a pattern and practice of making telephone calls in violation of 47 U.S.C. §227(b), including calls to plaintiff.

  26.  Upon information and belief, defendant continues to call cell phones in violation of section 227(b), without regard to the TCPA.

  27.  The defendant is likely to continue to violate the TCPA without an order enjoining it from doing so.

  28.  Plaintiff brings Count III on behalf of a class pursuant to Fed.R.Civ.P. 23(b)(2), for injunctive relief. Plaintiff requests that the Court permanently enjoin defendant from making calls to cell phones using its dialer, and enjoin defendant from making calls to cell phones using an artificial or prerecorded voice messages, unless it can demonstrate the prior express consent of the called party to receive such calls.

29. Plaintiff is entitled to have his rights, status and legal relations under the TCPA relating to West's calling of cell phones using an automatic dialing system and/or artificial or prerecorded voice message.

30. The class definition is identical and overlapping with the TCPA class in Count I.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and the class and against defendant for:

(a) a permanent injunction prohibiting defendant from violating the TCPA in the future through calling plaintiff and the class cellular phones using an automatic telephone dialing system and/or a prerecorded voice message; and

(b) a declaration that defendant violated the TCPA with respect to plaintiff and the class;

(c) Costs of suit; and

(d) Any other relief the Court finds appropriate.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, documents and all other tangible things that relate to plaintiff or the putative class members, the events described herein, any third party called in association with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke