# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA RUFFIN, on behalf of herself and others similarly situated, | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 10 C 2626 |
| | ) | |
| ASSET ACCEPTANCE, LLC, | ) | Judge Virginia Kendall |
| | ) | |
| Defendant. | ) | |

## MOTION FOR MORE DEFINITE STATEMENT

NOW COMES the Defendant, ASSET ACCEPTANCE, LLC, by and through its undersigned attorneys, and pursuant to FRCP 12(e), moves this Honorable Court to issue an order requiring Plaintiff to provide a more definite statement in support of her Complaint with regard to:  (a) the identification of the last four digits of any cell phone numbers that she owns or owed which she believes are subject to this lawsuit;  (b) the dates and approximately times of the cell phone calls that are subject to this lawsuit;  (c) the dates and approximately times of any pre-recorded or artificial voice messages on her cell phone(s) , and in support states the following:

### I.  Introduction

1.      Plaintiff has brought a three count class action complaint to redress purported negligent and wilful violations violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  *See* Exhibit A, Complaint ¶¶ 1, 9-18 (Count I – Strict Liability); ¶¶ 19-21 (Count II – Willful); and ¶¶ (Count III – Injunctive Relief).

2.      This Court has original jurisdiction of this claim pursuant to 28 U.S.C. §§1331, 1332(d) and 1367.  *Id*. at ¶ 2 (citing *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005)).

## II.  Plaintiff's Allegations

3.      Plaintiff claims that "[t]he TCPA prohibits the use of an automatic dialing system and/or prerecorded or artificial voice messages to make phone calls to cell phones.  *See* Exhibit A, Complaint ¶ 23.[1]

4.      Plaintiff alleges, "[u]pon information and belief," that Defendant "used an automatic telephone dialing system and/or prerecorded or artificial voice message in making some or all of these calls.  *Id*. ¶ 7.

5.      Plaintiff alleges that "Defendant has had a pattern and practice of making telephone calls in violation of 47 U.S.C. § 227(b), including calls to plaintiff."  *Id*. ¶ 23.

6.      Plaintiff does not identify the date of a single call nor does she identify any cell phone numbers owned by her that were  allegedly called in violation of the TCPA.  *Id*. at ¶ 6.

---

[1] The Federal Communications Commission ("FCC") has specifically held "the TCPA . . .  provides an exception for autodialed and prerecorded message calls for emergency purposes or made with the prior express consent of the called party."  In relevant part, the FCC Declaratory Ruling, of January 4, 2008 states as follows:

> 9.  Although the TCPA generally prohibits autodialed calls to wireless phones, it also provides an exception for autodialed and prerecorded message calls for emergency purposes or made with the prior express consent of the called party.  Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible.  We conclude that the provision of a cell phone number to a creditor, *e.g.,* as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt. In the *1992 TCPA Order*, the Commission determined that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary."  The legislative history in the TCPA provides support for this interpretation.  Specifically, the House report on what ultimately became section 227 states that:
>
> > [t]he restriction on calls to emergency lines, pagers, and the like does not apply when the called party has provided the telephone number of such a line to the caller for use in normal business communications.
>
> 10.  We emphasize that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed.

*See* Exhibit B.

6569085v2 912371 49810

7.      Rather, Plaintiff broadly alleges that Defendant "called plaintiff on her cell phones numerous times within the past four years." *Id*. at ¶ 6.

8.      Since the filing of the Complaint, Plaintiff's counsel has informed defense counsel that Plaintiff used numerous pre-paid cell phones over the time period of the alleged violations.  As recently as May 24, 2010, Plaintiff's counsel and defense counsel have exchanged information in an attempt to identify cell phone numbers and calls which Plaintiff believes may violate the TCPA.

9.      As discussed below, the manner in which Plaintiff has pled her complaint makes it extremely difficult for Defendant to understand the nature and scope of the claims Plaintiff has purportedly brought.  Accordingly, Plaintiff should either amend the Complaint or provide a more definite statement in support of her claims with regard to the following:   (a) the identification of the last four digits of any cell phone numbers that she owns or owed which she believes are subject to this lawsuit; (b) the dates and approximately times of the cell phone calls that are subject to this lawsuit;  (c) the dates and approximately times of any pre-recorded or artificial voice messages on her cell phone(s).

### III.  Standard of Review

10.       As a general matter, complaint must contain "factual allegations" which are "enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  Put another way, a complaint must demonstrate "more than the mere possibility of misconduct" for a plaintiff to establish a viable claim.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (citing Fed. Rule Civ. Proc. 8(a)(2)).

11.      Federal Rule of Civil Procedure Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleadings is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

6569085v2  912371  49810

12.     A court should grant motion for a more definite statement where a plaintiff fails to provide "allegations that would enable the Defendant to properly answer the allegation."  *See, e.g., Garrett v. Empire Cooler Service, Inc.*, 2004 WL 2011399 (N.D. Ill. 2004) ("A review of Plaintiff's Second-Amended Complaint demonstrates that Plaintiff's six counts, all alleging violations of the FDCPA, merely state a conclusion that a violation occurred and provide no allegations that would enable the Defendant to properly answer the allegation.  Accordingly, a more definite statement is required to allow the Defendant to properly answer the allegations."). FRCP 12(e) protects a defendant from having to guess at the nature of the claims against it.  *See, e.g., Bowers v. Crystal Valley, R.V.*, 1996 WL 169415, *1 (N.D. Ill. 1996) ("Just as you cannot win a game of poker by telling your opponents that somewhere within the fifty-two cards lurks a winning Royal Flush, the Bowerses must do more than append raw data and say, find it, it's in there somewhere; some selection and arrangement is necessary.").

13.     In moving pursuant to FRCP 12(e), Defendant bears the burden of "point[ing] out the defects complained of an the details desired."   On May 24, 2010, after numerous attempts to sort out the scope and nature of the calls at issue, defense counsel informed Plaintiff's counsel that he was considering filing this present Motion, and in the spirit of cooperation, Plaintiff's counsel indicated that this Motion should be filed to allow the parities time to sort out the issues of this case.

## IV. Argument

### A.     Plaintiff Should Be Required to Identify the Her Cell Phone Numbers

14.     Despite alleging that a "pattern and practice" of telephone calls exist in violation of the TCPA, Plaintiff does not identify the date of a single call nor does she identify any cell phone number of hers that was allegedly called in violation of the TCPA. *Id*. at ¶ 6.  To further obfuscate the nature of her claims, Plaintiff claims that he "has had various cell phone numbers"

6569085v2 912371 49810

over the four statute of limitations that applies to claims brought under the TCPA.  *Id*.  Plaintiff should know her cell phone numbers and should identify any and all numbers in her Complaint.

15.     Defendant should not be required to guess which numbers are at issue.  *See, e.g., Bowers v. Crystal Valley, R.V.*, 1996 WL 169415, \*1 (N.D. Ill. 1996) ("Just as you cannot win a game of poker by telling your opponents that somewhere within the fifty-two cards lurks a winning Royal Flush, the Bowerses must do more than append raw data and say, find it, it's in there somewhere; some selection and arrangement is necessary.").

16.     The identification of the subject cell phone numbers is also necessary because since 2003 Federal Trade Communication regulations have allowed cell phones to be transferred to land lines and vice-versa.  *See, e.g.,*  http://www.fcc.gov/cib/consumerfacts/numbport.html (last accessed on May 24, 2010 at 1:30 p.m) (Exhibit C).  Because cell phones and land lines are relatively portable and can be transferred to other owners (especially pre-paid phone numbers), the identification of the subject cell phone numbers, and the dates when Plaintiff owned them, would help narrow the scope of the Complaint as well as future discovery.

17.     Requiring Plaintiff to submit a more definite statement is consistent with FRCP 1 which provides that the federal rules of civil procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."  If Plaintiff is not required to provide a more definite statement,  Defendant will be required to go to great expense and expense to determine the nature and scope of Plaintiff's claims.

18.     Consistent with FRCP 1, Plaintiff should *exclude* any work cell phones unless she claims that paid for her work cell phone or reimburse her employer for non-work calls.  If Plaintiff was not required to pay for her work phone and/or was not required to reimburse her employer for non-work related calls, she would lack standing to assert a claim for any calls to her work cell phone.

6569085v2  912371  49810

19.     If Plaintiff is unwilling to identify her numbers in a publicly accessible document, she is free submit the last four (4) digits of her number and can provide the full number to defense counsel through her lawyer.

20.     Further, consistent with the FCC's Declaratory Ruling, of January 4, 2008, Plaintiff should *exclude* any cell phones numbers that she provided to a credit grantor associated with the debts associated with the subject telephone calls.  *See* Footnote 1 (discussing that the FCC provides that "the TCPA . . .  provides an exception for autodialed and prerecorded message calls for emergency purposes or made with the prior express consent of the called party.").[2]

**B.     Plaintiff Should Be Required to Identify the Dates of Alls Calls**

21.     The Complaint fails to identify the dates of any phone calls that allegedly violated the TCPA.  To further obfuscate the nature of her claims, Plaintiff broadly claims that he "has had various cell phone numbers" over the four statute of limitations that applies to claims brought under the TCPA.  *See* Exhibit A, Complaint at ¶ 6.

22.     Plaintiff should have access to her own phone records and should know when she was called by Defendant.

23.     Additionally, since Plaintiff's counsel has represented to defense counsel that Plaintiff may have used pre-paid cell phones, she should identify the dates that she owned any pre-paid cell phone.  In particular, Plaintiff should be required to identify her ownership of any pre-paid cell phone because if she did not own the phone during any time-period when it was called, she would lack standing to assert a claim to a phone she did not own.

---

[2] Prior to the presentment of this Motion, defense counsel will provide the names of the creditors at issue to allow Plaintiff's counsel to confirm that Plaintiff did provide her cell phones to her creditors.

6569085v2  912371  49810

**C.      Plaintiff Should Be Required to Identify the Dates Upon Which She Allegedly Received a Pre-Recorded or Artificial Voice Message**

24.      Although Plaintiff broadly claims that Defendant "used an automatic dialing system and/or prerecorded or artificial voice message[s] in making some or all of these calls," Plaintiff does not specifically alleged that Defendant left a pre-recorded or artificial voice message on her voicemail.  Since Plaintiff has not specifically pled Defendant left a pre-recorded or artificial voice message on her voicemail, this Court cannot speculate that this in fact occurred.  *Twombly*, 550 U.S. at 555.

25.      Given the conjunctive nature of this "and/or" allegation, the Court should require Plaintiff to affirmatively assert whether Defendant left pre-recorded or artificial voice messages on her cell phone(s), and she should identify the dates and times of any such messages.

WHEREFORE, for the reasons set forth above, Defendant, ASSET ACCEPTANCE, LLC, requests this Honorable Court require Plaintiff to provide a more definite statement pursuant to F.R.C.P. 12(e) with regard to the following:    (a) the identification of the last four digits of any cell phone numbers that she owns or owed which she believes are subject to this lawsuit; (b) the dates and approximately times of the cell phone calls that are subject to this lawsuit;  (c) the dates and approximately times of any pre-recorded or artificial voice messages on her cell phone(s).  Furthermore, Plaintiff should exclude any cell phones numbers that she provided to a credit grantor associated with the debts associated with the subject telephone calls.

Respectfully submitted,

/s/ James C. Vlahakis
James C. Vlahakis
Attorney for Defendant
HINSHAW & CULBERTSON LLP
222 North LaSalle, Suite 300
Chicago, IL 60601
tel: 312-704-3000
fax: 312-704-3001
jvlahakis@hinshawlaw.com

7

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2010, I electronically filed the above document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

Respectfully submitted,

/s/ James C. Vlahakis
James C. Vlahakis   06230459
Attorney for Defendants
HINSHAW & CULBERTSON LLP
222 North LaSalle, Suite 300
Chicago, IL 60601
tel: 312-704-3000
fax: 312-704-3001
jvlahakis@hinshawlaw.com

6569085v2 912371 49810